THE PHELPS AND BIGELOW WINDMILL COMPANY v.
ALBERT HONEYWELL *et al.*

#### No. 307.

PROMISSORY NOTE—*Negotiability not Affected.* The negotia-
bility of a promissory note is held not to have been destroyed by
the addition of the following statement: "This note is given for
certain labor and goods and material furnished in the erection of
an improvement upon my real property, in the nature of a wind-
mill and attachments, by the payee, pursuant to previous written
order in that behalf; and the execution, delivery and acceptance
of this note shall not in any way or manner be deemed a waiver of
any lien the Phelps & Bigelow Windmill Company may have,
therefor upon said real property in said written order described."

Error from Harper district court; G. W. KcKAY,
judge. Opinion filed June 18, 1898. Reversed.

*Geo. E. McMahon*, for plaintiff in error.

*Sankey & Campbell*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: In an action to foreclose a real-estate
mortgage, securing a note for $1000, both instruments
having been executed and delivered by Albert Honey-
well to the Johnson Loan and Trust Company, and
by it assigned to W. F. Thayer, the plaintiff in error,
as a defendant and cross-petitioner, sought to fore-
close its mechanic's lien for a windmill it had erected
for Honeywell, and for which he had given to the
company his promissory note for the principal sum of
$223.05. The journal entry of judgment shows
that the court found specially that the allegations of
the cross-petitioner were true, but denied the right to
the lien upon the ground that the action was begun
too late, the note being regarded as non-negotiable
and the cross-petition not having been filed until one

year and two days after the maturity of the note, not counting days of grace. The court rendered personal judgment against Honeywell and in favor of the windmill company for the amount of the note. To review the action of the court in denying its right to the lien the plaintiff in error brings the case here. The note reads :

"$223.05.          ATTICA, KAN., December 7, 1886.

"Two years after date, I promise to pay to the Phelps & Bigelow Windmill Company, or order, at ———— Bank, at Attica, Kan., $223.05, for value received, with interest at the rate of eight per cent. per annum from the date hereof, and ten per cent after due until paid, interest payable annually.

"This note is given for certain labor and goods and material furnished in the erection of an improvement upon my real property, in the nature of a windmill and attachments, by the payee, pursuant to previous written order in that behalf; and the execution, delivery and acceptance of this note shall not in any way or manner be deemed a waiver of any lien the Phelps & Bigelow Windmill Company may have therefor upon said real property in said written order described.                    ALBERT HONEYWELL."

The defendant did not plead the statute of limitations or demur to the cross-petition. He filed a demurrer to the evidence offered in support of the cross-petition and it was sustained as to the lien.''

. Defendant in error has filed a motion to dismiss the proceedings in error for want of jurisdiction in this court to consider the same, the claim being that the record does not affirmatively show the amount in controversy to exceed $100, and does not contain a certificate disclosing jurisdiction. In support of the motion counsel say that the plaintiff in error complains only of the court's action in refusing to enforce its lien, and that this involves no amount or value in money.

Windmill Co. v. Honeywell.

On the other hand, counsel for plaintiff in error strongly insists that the amount involved in this controversy is the amount of the judgment, which the plaintiff in error claims to be a lien upon the land, and that the issue between the parties is whether the plaintiff in error is entitled to such a lien. The last proposition appears to be correct and the motion to dismiss is overruled.

We think the note above set out is negotiable, and that plaintiff in error is entitled to judgment foreclosing its lien. In *Lyon v. Martin*, 31 Kan. 411, it was held that a note containing a waiver of all release of valuation, appraisement, stay, exemption and homestead laws was negotiable. In that case the court quoted the following from 1 Daniel on Negotiable Inments (4th ed.), § 61:

" The principle is becoming established, that if the note is in itself certain and perfect, without conditions, and there is merely superadded the provision or declaration that the payee or holder may confess judgment for the maker, or that certain rights are waived in respect to its collection, then the negotiability of the paper is not destroyed."

In the note before us is a provision to the effect that the payee does not by accepting the note waive its right to a lien upon the real estate concerned. It is expressly provided by law that where a promissory note has been given for the amount claimed under the lien an action for foreclosure to enforce such lien may be brought within one year after the maturity of the note. The statement in the note regarding the lien did not add to or take from the rights of the payee in respect thereto.

The note being negotiable, the action was commenced within a year from the maturity thereof, and

the plaintiff in error was and is entitled to a judgment enforcing its lien.

The judgment of the district court is reversed, and the case remanded for further proceedings in accordance with the foregoing views.